**Benson ONWUAMAEGBU, Petitioner,**

**v.**

---

14

Eric H. HOLDER, Jr.,* Attorney
General, Respondent.

No. 08–2174.

United States Court of Appeals,
First Circuit.

April 29, 2009.

John J. Loscocco and Barker, Epstein
and Loscocco on brief for petitioner.

Tim Ramnitz, Office of Immigration Lit-
igation, Michael F. Hurtz, Acting Assistant
Attorney General, Civil Division, and Bar-
ry J. Pettinato, Assistant Director, on brief
for respondent.

Before LYNCH, Chief Judge, SELYA
and LIPEZ, Circuit Judges.

PER CURIAM.

In 1986 and 1988, petitioner was convict-
ed of three crimes of moral turpitude (lar-
ceny by check and two acts of forgery).
As a result, there are two consequences.
First, he is removable, *see* 8 U.S.C.
§ 1182(a)(2)(A)(i)(I), and the government
has obtained an order of removal. Second,
because of those convictions, this court
lacks jurisdiction to review petitioner's
challenge to the removal order from the
Board of Immigration Appeals ("BIA"),
unless his challenge presents a colorable
constitutional claim or a question of law.
*See* 8 U.S.C. § 1252(a)(2)(C), (D); *see also
Conteh v. Gonzales,* 461 F.3d 45, 63 (1st
Cir.2006).

Petitioner cannot present either because
he did not take a timely appeal to the BIA
from the Immigration Judge's ("IJ") Feb-
ruary 22, 2008 decision denying him a sec-
tion 212(h) waiver, and so cannot challenge
that order in this court. Petitioner did file

* Pursuant to Fed. R. App. P. 43(c)(2), Attorney
General Eric H. Holder, Jr. has been substi-
tuted for former Attorney General Michael B.
Mukasey as the respondent.

a motion to reopen that order, but the IJ denied that motion because she found that he had "presented no evidence to indicate that the basis for this motion to reopen could not have been presented previously." *See* 8 C.F.R. § 1003.23(b)(3). That order was appealed to the BIA, which found the motion to reopen was properly denied because of petitioner's failure to meet that condition for reopening.

The present petition constitutes an attempt by the petitioner to circumvent the rules for filing petitions for review of BIA orders and motions to reopen. It presents no issues of law or of constitutional rights. Thus, we lack jurisdiction and *dismiss* the petition.